**RAILROAD COMMISSION et al.**

v.

**HERRIN TRANSP. CO.**

No. 10188.

Court of Civil Appeals of Texas.

Austin.

Nov. 11, 1953.

Rehearing Denied Dec. 2, 1953.

John Ben Shepperd, Atty. Gen., Mert Starnes, Asst. Atty. Gen., for Railroad Commission.

Alto V. Watson, Beaumont, for Young's Motor Freight Lines.

Baker, Botts, Andrews & Parish, Houston, Kenneth McCalla, Austin L. Hatchell, Walter Caven, Austin, for Texas & N. O. R. Co. and Southern Pac. Transport Co.

Phinney, Hallman, Reed & Holley, Ralph Pulley, Jr., Dallas, for Herrin Transp. Co.

GRAY, Justice.

This appeal is from a judgment holding void and setting aside an order of the Railroad Commission granting an amendment to a common carrier motor carrier certificate, and enjoining operations under such amendment.

Appellant, Young's Motor Freight Lines, was the holder of a common carrier motor carrier certificate authorizing service from Beaumont to Houston and return. Young applied for an amendment to its certificate authorizing it to serve the refineries of Sun Oil Company and Pure Oil Company out of Beaumont.

Young's application was set down for hearing and, after notice, such hearing was had on April 8, 1952. Appellees, except Herrin Transportation Company, appeared at this hearing as protestants but appellee, Herrin, although it had notice, did not appear. After this hearing and prior to any action on the application, the traffic manager of Sun Oil Company wrote a letter to the Commission and attached an affidavit requesting that the testimony of a certain witness at the hearing of April 8 be stricken from the record or, in the alternative, that the hearing be reopened. After this letter the appellee rail lines filed their motion making substantially the same request as was made in the letter and the affidavit. Pursuant to the foregoing requests the Commission set Young's application for further hearing. At this hearing held on August 6, 1952, appellees, the rail lines and Herrin, appeared, their appearance was noted, the examiner permitted the testimony of the witness mentioned in the affidavit and in the rail lines' motion to be altered and impeached but refused to hear further evidence offered by the rail lines and Herrin which evidence is referred to as "operating testimony."

On September 4, 1952, the Commission granted Young's application, and on October 7, 1952, overruled appellees' exceptions.

Thereafter on January 26, 1953, Herrin filed this suit against Young and the Commission. The Texas and New Orleans Railroad Company and Southern Pacific Transport Company intervened in the suit, and with Herrin are referred to as appellees. The Railroad Company and the Transport Company are here, as they are in the briefs, referred to as the rail lines.

The order of the Commission was not attacked in the trial court and is not attacked here on the basis of the substantial evidence rule. Appellees' counsel stated in the trial court: "* * * we are making no attack on the order based on the substantial evidence rule at all."

The trial court's judgment recites:

"* * * it further appearing that the order of the Commission of September 4, 1952, and the order of October 7, 1952, were void for the reason that the order amending Common Carrier Certificate No. 2926, issued September 4, 1952, contained in findings with respect to the inadequacy of the existing service as is required by Article 911 B, V.A.C.S., and the Court decisions thereunder, the order, on its face showing a noncompliance with the aforementioned statute; and it further appearing that the plaintiff and intervenors were not given opportunity to present operating testimony into the record at a further hearing before the Examiner for the Railroad Commission of Texas on the 6th day of August, 1952; and it further appearing, that the notice issued by the Commission with reference to this further hearing was a general notice; and it further appearing that the ruling of the Examiner was unreasonable, arbitrary and capricious; and it further appearing, because of the aforementioned acts of the defendant, the Railroad Commission of Texas, that the order granting the Certificate of Public Convenience and Necessity to defendant, Bess F. Young, dba Youngs Motor Freight Lines, amending its Common Carrier Motor Carrier Certificate No. 2926, authorizing the serv-

ice as set out hereinbefore, should be set aside and held null and void, and it further appearing that a permanent injunction should be entered restraining the defendant, Bess F. Young, dba Youngs Motor Freight Lines, its officers, agents and employees, from operating under and by virtue of this amendment pursuant to the order of the defendant, Railroad Commission of Texas; * * *."

The judgment then proceeds to hold void and to set aside the order of the Commission and to perpetually enjoin Young from operating thereunder.

The trial court filed findings of fact and conclusions of law. Among other findings, he found that appellees were present at the hearing on August 6, had witnesses present to present operating testimony, were not given the opportunity to present such testimony into the record and that the examiner arbitrarily and without justification refused to permit appellees to offer their testimony into the record thereby limiting the scope of the further hearing to the testimony of only one witness.

The trial court concluded, among other conclusions, that the order was void because it contained no findings as to the inadequacy of existing service and shows on its face a noncompliance with Art. 911b, and that the action of the examiner in limiting the scope of the further hearing was arbitrary, capricious and without justification.

We do not understand that any party complains that at the hearing of April 8 the parties were not afforded opportunity to offer such testimony as they desired, but at that hearing it appears the evidence was closed and the parties rested.

We will direct our attention to the hearing of August 6 and the examiner's refusal to hear the offered "operating testimony."

■ The motion to reopen the proceedings for further hearing was a matter addressed to the discretion of the administrative agency. 73 C.J.S., Public Adminis-

trative Bodies and Procedure, § 156c, page 490. And ordinarily the question to be determined on an application to reopen any proceeding is whether an injustice has been done and whether upon a further hearing a different result will probably be reached. 42 Am.Jur. p. 544, Sec. 180; Olivieri v. City of Bridgeport, 126 Conn. 265, 10 A.2d 770, 127 A.L.R. 1471

■ By permitting the testimony of the complained of witness to be impeached any injustice because of such testimony was removed. By refusing to hear further testimony the examiner undoubtedly concluded that hearing the offered testimony would not produce a different result. This then merely presents a question of the exercise of administrative discretion which under the facts before us we find was not abused. Georgia Public Service Commission v. U. S., 283 U.S. 765, 51 S.Ct. 619, 75 L.Ed. 1397 —see footnote 4. Sec. 12(a) of Art. 911b, Vernon's Ann.Civ.St., provides for the exercise of discretion by the Commission. It provides:

"The hearing on an application for certificate or permit shall be conducted under such rules and regulations as the Commission may prescribe, and the parties interested, including the Highway Commission of this State, may appear either in person or by counsel and present such evidence and argument as they may desire and as the Commission may deem pertinent, in favor of or against the granting of such application."

■ Appellees having brought this suit and alleged that the action of the Commission was void, unreasonable and arbitrary they assumed the burden of proving their allegations. Sec. 20, Art. 911b, supra, provides, in part:

"In all trials under this section the burden of proof shall rest upon plaintiff, who must show by the preponderance of evidence that the decisions, * * * complained of are unreasonable and unjust to it or them."

In the absence of a showing that the complained of order is not supported by substantial evidence, we are not in position to say that the admission of the excluded evidence would have produced a different result before the Commission.

In its order of August 6, 1952, the Commission, after reciting findings not pertinent here, states:

"The Commission further finds from the evidence and its own records that satisfactory proof has been made of the financial responsibility of the applicant; that the equipment proposed to be used in said operation meets the requirements of the laws of the State of Texas in regard to safety devices, dimensions, etc.; and that the highways designated in the application are of such type of construction and maintenance and subject to such use as to permit the use sought to be made by the applicant without unreasonable interference with the use of such highways by the general public for highway purposes.

\* \* \* \* \* \*

"The Commission further finds from the evidence and its own records and the testimony adduced at the hearing that the applicant introduced two public witnesses, \* \* \*."

After identifying the witnesses and summarizing their testimony, the order then recites:

"After carefully considering the existing transportation facilities and the demand for and the need of the additional service, that the service and facilities of existing carriers serving the territory are inadequate and that there exists a public necessity for such proposed service, and that public convenience will be promoted by the granting of said application and permitting the operation of motor vehicles on the highways designated in said application as a common carrier for hire.

Therefore, after carefully considering the evidence, the laws and its own records, rules and regulations, the Commission is of the opinion that the application to amend should be granted."

■ The order meets the requirements of Art. 911b, supra, relative to a finding as to: public convenience and necessity; inadequacy of existing services; the type and construction of the highways designated in the application, and the type of equipment proposed to be used.

■ We think the order meets the requirements of Sec. 12(a) of Art. 911b, which is the section to be applied in testing the sufficiency of the order. Merchants Fast Motor Lines v. Newman, Tex.Civ.App., 236 S.W.2d 646, error ref. n. r. e., and authorities cited.

Sec. 12(a) sets out the duties of the Commission as follows:

"After hearing and such investigation as the Commission may make, it shall be the duty of the Commission to grant or refuse the application, and, in any contested hearing, the Commission shall, along with its order, file a concise written opinion setting forth the facts and grounds for its action, \* \* \*."

We think the record shows the requirements of the statute were met.

What we have already said renders unnecessary a consideration of appellants' points to the effect that the trial court erred in refusing to make certain requested findings of fact, conclusions of law, and in not holding appellees were guilty of laches by delaying bringing this suit three months and nineteen days.

The judgment of the trial court is reversed and judgment is here rendered that appellees take nothing and that the injunction be and the same is dissolved.

Reversed and rendered.