Tom C. FROST, Jr., Appellant,

v.

PUBLIC UTILITY COMMISSION OF TEXAS, Appellee.

No. 14033.

Court of Appeals of Texas, Austin.

June 6, 1984.

Rehearing Denied June 27, 1984.

Barry Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

Jim Mattox, Atty. Gen., Austin, Jo Campbell, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, SMITH and GAMMAGE, JJ.

SHANNON, Justice.

Tom C. Frost, Jr. appeals from the judgment of the district court of Travis County affirming an order of the Public Utility

Commission granting an amended certificate of convenience and necessity to the Lower Colorado River Authority (LCRA) for a transmission line. This Court will affirm the judgment.

The LCRA applied to the Commission for an amended certificate of convenience and necessity to construct a 345 kv line from its Zorn substation in Guadalupe County to its new Kendall substation in Kendall County and to double circuit a 138 kv line on the 345 kv circuit from the Boerne substation to the Kendall substation. The 138 kv line and the 345 kv line were to be constructed on the same towers. LCRA also applied to upgrade a 69 kv line to 138 kv from the Henne substation in Comal County to the Boerne substation. Frost and seven other Kendall County landowners opposed the construction of the proposed line. After a four-day hearing, the examiner filed her report and findings recommending that LCRA's application be granted. With minor modifications, the Commission adopted the examiner's report and findings.

LCRA is a public utility providing wholesale and retail electricity to utilities and communities in central Texas, an area experiencing rapid growth in population. No one disputes the necessity for the construction of the new line nor the upgrading of the old one. All parties agree that LCRA met its burden to show that there is a need for the construction of the proposed line; the controversy, instead, centers upon the Commission's approval of the route of the new line east of Boerne and northwest to the new Kendall substation.

Texas Rev.Civ.Stat.Ann. art. 1446c § 54(b) (Supp.1984) requires the Commission to grant a certificate of convenience and necessity for a transmission line if the Commission finds that the certificate is necessary for the service, accommodation, convenience, or safety of the public and if the Commission is satisfied that the utility has complied with art. 1446c § 54(c):

> Certificates of convenience and necessity shall be granted on a nondiscriminatory basis after consideration by the commission of the adequacy of existing service, the need for additional service, the effect of the granting of a certificate on the recipient of the certificate and on any public utility of the same kind already serving the proximate area, and on such factors as community values, recreational and park areas, historical and aesthetic values, environmental integrity, and the probable improvement of service or lowering of cost to consumers in such area resulting from the granting of such certificate.

■ As required, the Commission's findings of fact addressed the factors set forth in § 54(c). *City of Coahoma v. Public Utility Commission*, 626 S.W.2d 488 (Tex. 1981). For example, the Commission found that although the line will have a "visual impact" on anyone seeing it, the line will have a "minimal" effect on community values. The route of the line was planned to skirt residential developments between Boerne and Comfort. The line avoided the city limits of Boerne, a town rich in historical monuments. Park and recreational areas would not be affected by the line. The Commission found that the line's route was environmentally sound. Finally, the Commission determined that amendment of the certificate would result in the improvement of service.

The Commission filed certain findings of fact respecting LCRA's methodology in selecting the route for the transmission line. One such finding was that LCRA's expert studied thirteen alternative routes before selecting the proposed route.

By point of error, Frost claims that there is not substantial evidence in support of the finding that thirteen alternative routes had been studied. He claims, for example, that LCRA's expert, Powell, knew that four such routes were unacceptable even before he began his route analysis. Frost argues that he presented evidence in support of alternative routes superior to the route sponsored by the LCRA. As we understand, Frost complains further that the Commission did not file fact findings justifying its selection of the particular route over routes suggested by Frost.

■ In considering an application for a certificate of convenience and necessity for a transmission line, § 54(c) requires the Commission to consider such factors "as community values, recreational and park areas, historical and aesthetic values, environmental integrity, and the probable improvement of service or lowering of cost to consumers...." It is the applicant's burden to produce evidence relative to such factors, and it is the agency's duty to file findings with respect to such factors.

■ This Court finds nothing in § 54(c) which requires the applicant to present evidence that it studied alternative routes for location of its transmission line. Since the applicant had no duty to present such evidence to the Commission, the agency had no duty to find facts relative to such a study. *Immigration and Nat. Service v. Bagamasbad,* 429 U.S. 24, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976).

■ A reviewing court may reverse an agency order only if "substantial rights of the appellant" have been prejudiced by the agency error. Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 19(e) (Supp.1984); *Texas Health Fac. v. Charter Medical-Dallas,* 665 S.W.2d 446 (Tex.1984); *United Sav. Ass'n. of Texas v. Vandygriff,* 594 S.W.2d 163 (Tex.Civ.App.1980, writ ref'd n.r.e.). Because the Commission was under no duty to find facts relative to LCRA's route study, the claimed errors in such findings did not prejudice Frost within the meaning of art. 6252–13a § 19(e).

The judgment is affirmed.