CITY OF SAN ANTONIO, et al., Appellants,

v.

The TEXAS DEPARTMENT OF HEALTH, Appellee.

No. 3–86–142–CV.

Court of Appeals of Texas, Austin.

Sept. 9, 1987.

Rehearing Denied Oct. 28, 1987.

Barry P. Hitchings, Asst. Crim. Dist. Atty., Austin, for Bexar County, Texas.

Richard D. O'Neil, Asst. City Atty., San Antonio, for City of San Antonio.

Robert C. Weaver, Zorc, Rissetto and Weaver, Washington, D.C., for Bexar Environmental Ass'n of Texas, Inc., et al.

Ginny Agnew, Asst. Atty. Gen., Austin, for Environmental Protection Div.

Barry K. Green, Fulbright & Jaworski, Austin, for Browning–Ferris, Inc.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellants [1] seek to set aside the judgment of the district court of Travis County which sustained the order of the Texas

---

1. Appellants are the City of San Antonio, Bexar County and Bexar Environmental Association of Texas, Inc. (BEAT).

Department of Health. The Department's order permitted appellee Browning Ferris, Inc., to expand its Bexar County landfill site. This Court will affirm the judgment of the district court.

By several points of error, appellants insist that the agency erroneously closed the administrative hearing. The points are overruled.

Appellee applied to the Department for approval of a one hundred-six acre addition to its existing landfill on Tessman Road in southeast Bexar County. Appellee also requested an increase in the permissible elevation of the existing site. The Department scheduled a public hearing for the application. BEAT appeared and opposed the application. The City and County, although properly notified, elected not to appear and participate in the hearing. The hearing commenced on August 20, 1984, and closed on September 5, 1984. On January 16, 1985, the hearings examiner filed his proposal for decision recommending approval of the application.

Although our record is incomplete, the parties agree that the City and the County then moved to intervene and for the agency to re-open the hearing to consider new evidence. The parties likewise agree that the agency re-opened the hearing by order in February 1985 "for the purpose of receiving evidence, not available at the time of the hearing, regarding land use in the vicinity of the site in question." *See San Diego Independent School District v. Central Education Agency*, 704 S.W.2d 912 (Tex. App.1986, writ ref'd n.r.e.).

Appellee claims that the "land use" referred to in the agency's order re-opening the hearing related to the proposed location of a large aquatic park, Sea World of Texas, near appellee's landfill site. Sea World officials announced, thereafter, that the park would be located at a different location in Bexar County not near appellee's land-fill site.

Following a period of discovery by the parties, appellee filed its "motion to close" the hearing pointing out that the change in land use supposedly relied on to re-open the hearing no longer existed because the

aquatic park was not to be located near the landfill site and that any other "land use" evidence would be cumulative of that taken in the initial agency hearing. After hearing, the agency granted appellee's "motion to close" on September 18, 1985.

The district court treated the agency's action granting appellee's "motion to close" the hearing as a reconsideration of the agency's previous order re-opening the hearing. The district court concluded that there was no abuse of discretion in the agency's reconsideration of its order re-opening the hearing and its setting aside that order.

■ "The question of whether to re-open an administrative record to allow additional evidence is one addressed to the discretion of the administrative body." *City of El Paso v. Public Utility Comm'n of Texas*, 609 S.W.2d 574, 578 (Tex.Civ.App.1980, no writ); *Pan American Petroleum Corp. v. Railroad Comm'n*, 335 S.W.2d 425 (Tex. Civ.App.1960, writ ref'd n.r.e.); *Railroad Comm'n v. Herrin Transportation Co.*, 262 S.W.2d 426 (Tex.Civ.App.1953, writ ref'd n.r.e.). Absent such agency discretion, the almost inevitable gap between agency hearing and order would allow the continued introduction of evidence of new circumstances such that an evidentiary hearing might never be concluded. *Interstate Commerce Comm'n v. Jersey City*, 322 U.S. 503, 514–15, 64 S.Ct. 1129, 1134–35, 88 L.Ed. 1420 (1944). As an agency has discretion to re-open a hearing, the Court has concluded that it necessarily has discretion to reconsider its order re-opening the hearing and to set aside that order.

■ This Court has examined the proof adduced at the hearing to reconsider the order re-opening the evidence and is of the opinion that the district court did not err in concluding that the agency did not abuse its discretion in determining to set aside its order re-opening the hearing.

■ In a related point, appellants advance the curious argument that the agency should have considered the proof presented at the hearing convened in response to appellee's motion to close in de-

termining, on the merits, whether to grant appellee's application to expand its landfill site. The point is without merit. The record makes plain that the purpose of the hearing was limited to determining whether or not to close the hearing. Once the agency exercised its discretion to close the hearing and *not* accept additional evidence, it would be wholly contradictory to then consider the evidence which it had just determined superfluous.

■ The City attacks the judgment claiming that the agency failed to include findings and conclusions directed to its order closing the hearing. In general, findings required by Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 16(b) (Supp.1987) are directed to the determinations made by the agency pursuant to its particular regulatory statute. *See Frost v. Public Utility Comm'n of Texas,* 672 S.W.2d 883 (Tex.App.1984, writ ref'd n.r.e.) (agency under no duty to make findings on factors not listed in regulatory statute); *see also Railroad Comm'n v. Graford Oil Corp.,* 557 S.W.2d 946 (Tex. 1977) (findings must support ultimate statutory findings required for decision). The City points to no statute or authority imposing a duty on the agency to make findings and conclusions concerning its own procedural orders. The point is overruled.

■ Appellant BEAT suggests that the district court erred in affirming the agency order to the extent it amends appellee's permit to allow a twenty-nine foot increase in the allowable elevation of the landfill. As basis for its claim, BEAT claims that because the same height increase was denied in the agency order originally granting the permit (Permit 1410), the doctrine of res judicata bars the agency from considering and approving the amended request. The point of error is overruled.

In *Al–Jazrawi v. Texas Bd. of Land Surveying,* 719 S.W.2d 670 (Tex.App.1986, writ ref'd n.r.e.), this Court recently wrote:

A final administrative order bars subsequent agency adjudication of the same subject matter by the same party, *Champlain Exploration, Inc. v. Railroad Comm'n,* 627 S.W.2d 250 (Tex.App.1982, writ ref'd n.r.e.), unless allowed by statute, *Sexton v. Mount Olivet Cemetery Association,* 720 S.W.2d 129 (Tex.App. 1986, writ ref'd n.r.e.), or perhaps unless circumstances have changed. *See Westheimer Independent School District v. Brockette,* 567 S.W.2d 780 (Tex. 1978); *cf. Sexton v. Mount Olivet Cemetery Association, supra.*

In this appeal, the application to amend the permit is expressly authorized by statute. The Solid Waste Disposal Act, Tex. Rev.Civ.Stat.Ann. art. 4477–7, § 4(e)(8) (Supp.1987), provides that:

The state agency has the authority, for good cause, to revoke or *amend* any permit it issues for reasons pertaining to public health, air or water pollution, land use, or violation of this act or of any other applicable laws or rules controlling the management of solid waste.

(Emphasis supplied.)

■ By point of error three, BEAT claims generally that "the district court erred in upholding [the agency approval of appellee's application] which did not comply with the statute or TDH regulations." Under the point BEAT suggests that the agency failed to adequately consider the impact of the landfill expansion in terms of "compatibility of land use, zoning in the vicinity, community growth patterns, and other factors associated with the public interest." 25 Tex.Admin.Code § 325.-74(b)(5)(a) (1986). The suggestion is without merit. An examination of the findings of fact demonstrates that the agency did consider such factors including existing land compatibility, zoning, community growth, and future trends in these areas.

■ BEAT further advances the sweeping assertion that the agency's "limited findings and conclusions of law" are not supported by substantial evidence. BEAT, however, fails to point to any particular finding it deems erroneous. A complaint so generally phrased presents nothing for review. Tex.R.App.P.Ann. 74(d) (Supp. 1987); *See also Corpus Christi Bank & Trust v. Roberts,* 587 S.W.2d 173 (Tex.Civ. App.1979), *aff'd,* 597 S.W.2d 752 (1980) (point of error failing to direct court to particular error relied on overruled).

In its discussion under point three, BEAT attacks the method by which the agency evaluated the permeability of the liner to be installed in the landfill. The agency regulations require a natural or man-made liner of a defined maximum permeability in order to protect groundwater. BEAT urges that actual field-testing of liner permeability is preferable for a number of reasons to laboratory testing which was relied on by the agency. Because the agency failed to field-test liner permeability, BEAT claims that its order approving the permit was "arbitrary and capricious." BEAT concedes, however, that laboratory testing of permeability is authorized by agency regulations. There was proof that laboratory testing was reliable and would approximate field tests. Further, there was evidence that field-testing was not feasible. The argument is groundless.

Under point of error three, BEAT complains that the agency erroneously granted the application because "BFI's application includes [sic] major deficiencies in groundwater data in non-compliance with TDH regulations." BEAT first argues that "BFI failed to collect groundwater samples from all fourteen of the test borings drilled at the expansion site" as required by 25 Tex.Admin. Code § 325.-74(b)(5)(I)(ii). Groundwater samples are required by this section, however, only if "a groundwater monitoring program is not being conducted for the existing site...." The record reflects that monitor wells already existed along the boundary of the original site and information from the monitor wells had constantly been provided to the agency. Additional analysis was not required.

BEAT advances other contentions under point of error three. None are meritorious and all are overruled.

The judgment of the district court is affirmed.