TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00021-CV






B. R. Ringer, Jr., D.O., Appellant




v.




Texas State Board of Medical Examiners and Bruce A. Levy, M.D., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 98-04774, HONORABLE JOSEPH HART, JUDGE PRESIDING







 Appellees Texas State Board of Medical Examiners and Bruce A. Levy, M.D. (1)
found that appellant B.R. Ringer had violated the Medical Practice Act and suspended Ringer's
medical license for five years, stayed the suspension, and placed him on probation. See Tex. Rev.
Civ. Stat. Ann. art 4495b (West Supp. 1999). Ringer appealed this decision to the district court,
which found that the Board's decision was supported by substantial evidence. In four issues,
Ringer appeals the district court's decision. We will affirm the district court's judgment.


BACKGROUND


 On January 13, 1994, appellant Ringer, a cosmetic surgeon, performed a pre-surgical examination on a female patient who wished to undergo liposuction. The woman, A.K.,
alleged that while she and Ringer were alone in an examining room, Ringer made inappropriate
remarks and sexually molested her.

 On May 19, 1994, the Board staff filed an application for the temporary suspension
of Ringer's license, alleging, among other things, that Ringer had: (1) engaged in unprofessional
or dishonorable conduct involving A.K. and another female patient, K.L.; (2) failed to practice
medicine in an acceptable manner by performing penile enlargements; and (3) been removed,
suspended, or had disciplinary action taken against him. (2) See id. § 3.08(4), (18), (19). On May
26, a disciplinary panel consisting of three members of the Board met to consider the application
and denied it. In February 1995, the Board issued a complaint against Ringer involving the same
violations alleged in the original application.

 During September and November 1995, an administrative law judge ("ALJ") at the
State Office of Administrative Hearings conducted a contested-case hearing. On July 18, 1996,
the ALJ issued a proposal for decision in which he concluded that Ringer had violated the Medical
Practice Act by his conduct with A.K. and K.L., but not by performing penile enlargements. On
August 29, Ringer moved that the ALJ reopen the hearing to receive evidence regarding
psychological testing of A.K. that Ringer contended undermined her credibility. The ALJ
declined to reopen the hearing, stating that because he had already issued his proposal, he no
longer had jurisdiction over the matter. (3)

 The Board convened on October 5, 1996, to address the ALJ's proposal. At the
Board meeting, Ringer asked the Board to remand the cause to the ALJ to consider A.K.'s
psychological test results and receive expert testimony interpreting those results. The Board
denied the motion and voted to adopt an order incorporating all of the findings of fact and
conclusions of law set out in the ALJ's proposal for decision. The Board suspended Ringer's
license for five years but stayed the suspension and placed Ringer on probation.

 Ringer sought judicial review in Travis County district court. Without addressing
the remaining issues, the district court ruled that res judicata barred Count II of the complaint
involving patient K.L. because the Board had previously closed its investigation of her allegations
without bringing formal charges. The court remanded the cause to the agency for further
disposition, and the Board did not appeal the court's decision. The Board reconvened on
February 7, 1998, at which time Ringer again asked the Board to remand the cause to the ALJ
for consideration of A.K.'s psychological test results. The Board overruled Ringer's motion and
voted to amend the findings of fact and modify the conclusions of law to remove all references
to patient K.L. Except for deleting references to K.L., the Board adopted the ALJ's original
proposal without change.

 Ringer again sought judicial review in the district court, and again Ringer asked
the court to remand the cause to the Board so that he could present additional evidence. The
district court denied Ringer's motion and rendered a final judgment affirming the Board's order. 
Ringer now appeals from the district court's judgment.


DISCUSSION


 On appeal, Ringer brings four issues for our consideration. First, Ringer contends
that the Board changed the ALJ's findings of fact and conclusions of law in violation of the
Administrative Procedure Act ("APA") by deleting the references to the offense involving K.L. 
See Tex. Gov't Code Ann. § 2001.058(e) (West 1999). Ringer next argues that he was deprived
of his substantial right to a decision free from the appearance of impropriety because a Board
member who had participated at his disciplinary panel proceeding also participated in the meeting
at which the Board voted to suspend him. In his third issue, Ringer argues that the Board and the
district court abused their discretion in not remanding the cause to the ALJ to consider newly
discovered evidence. And finally, Ringer contends that the Board's conclusion that he violated
the Medical Practice Act is not supported by substantial evidence.

 Appellate courts consider various factors when reviewing administrative rulings. 
See id. § 2001.174. We review interpretations of constitutional or statutory provisions de novo. 
See id. § 2001.174(2)(B); see also In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994). We can
reverse a decision for an abuse of discretion. See Tex. Gov't Code Ann. § 2001.174(2)(F). 
Finally, we can reverse a decision not supported by substantial evidence. See id.
§ 2001.174(2)(E). These errors require reversal only if they prejudice substantial rights of the
appellant. See id. § 2001.174(2).


Compliance with Section 2001.058(e)

 In his first issue, Ringer argues that the Board violated section 2001.058(e) of the
APA when it omitted the ALJ's findings and conclusions relating to patient K.L., pursuant to the
district court's ruling, without providing written policy reasons and legal bases for the omission. 
Ringer contends that because the Board failed to comply with this section, the Board's order must
be reversed. We disagree.

 The version of section 2001.058(e) in effect at the time of the hearing read:


A state agency may change a finding of fact or conclusion of law made by the
administrative law judge, or may vacate or modify an order issued by the
administrative law judge, only for reasons of policy. The agency shall state in
writing the reason and legal basis for a change made under this subsection.



Act of April 30, 1993, 73d Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 741 (Tex. Gov't
Code Ann. § 2001.058(e), since amended) (emphasis added).

 In its simplest terms, this issue asks whether the Board's action on remand from
the district court constituted a change for purposes of section 2001.058(e). We do not believe that
it did. An agency violates section 2001.058(e) when the agency substitutes its findings and
conclusions for the ALJ's without meeting the statute's requirements. See Levy v. Texas State Bd.
of Med. Exam'rs, 966 S.W.2d 813, 815 (Tex. App.--Austin 1998, no pet.); Employees' Retirement
Sys. v. McKillip, 956 S.W.2d 795, 800 (Tex. App.--Austin 1997, no pet.); Bavarian Properties,
Inc. v. Texas Alcoholic Beverage Comm'n, 870 S.W.2d 686, 687 (Tex. App.--Fort Worth 1994,
writ denied). The legislature provided that an agency could deviate from the ALJ's findings or
conclusions or alter the ALJ's order only for reasons of policy, which reasons it must set out. 
See Act of April 30, 1993, 73d Leg., R.S., ch. 268, § 1, 1993 Tex. Gen. Laws 583, 741 (Tex.
Gov't Code Ann. § 2001.058(e), since amended). That is not the situation before us. Here, the
Board voted to adopt all of the ALJ's findings and conclusions. When the district court ruled that
the agency could not sanction Ringer for his conduct involving K.L., the agency deleted only
those provisions directed by the district court and again adopted all of the ALJ's remaining
findings and conclusions. The Board did not change any findings; it only deleted improper
references that could not legally support its decision in compliance with the district court's ruling. 
The Board did not make any changes for policy reasons except for the overarching policy that a
state agency must obey a district court's ruling. Thus, it had no policy to explain. We hold that
the Board's action was not a "change" within the meaning of section 2001.058(e).

 Even if the Board's action were a "change" under section 2001.058(e), the Board's
failure to provide Ringer with a written reason for its change caused him no harm. Ringer claims
that section 2001.058(e) is aimed at providing parties with a reasoned explanation when an agency
alters an ALJ's proposal. But Ringer admits in his brief that he knew that the Board was
deviating from the ALJ's proposal because the district court had ordered it to do so. We disagree
with Ringer's contention that he was deprived of the intrinsic value of the procedure itself. As
the supreme court states in Rule 1 of the Texas Rules of Civil Procedure, the "proper objective
of . . . procedure is to obtain a just, fair, equitable and impartial adjudication of the rights of
litigants under established principles of substantive law." Tex. R. Civ. P. 1 (emphasis added). 
None of Ringer's substantive rights were jeopardized. Indeed, he had a copy of the district
court's written order reflecting the reason for the Board's action.

 We overrule Ringer's first issue.


Improper Participation of a Board Member

 In his second issue, Ringer contends that the participation of Penny Angelo in the
Board's decision denied Ringer his substantial right to a decision free from the appearance of
impropriety because Angelo had previously participated in the Board's disciplinary panel
proceeding on his case.

 The Board's rules address the question of recusal. "A board member should
exercise sound discretion in choosing to be recused . . . in any contested matter in which the
board member is predisposed." 22 Tex. Admin. Code § 187.41(b) (1999). "A board member
shall not be subject to a motion for recusal from any party and shall not be involuntarily recused
from participation and voting in a contested matter." Id. at § 187.41(c). Thus, Ringer cannot
argue that Angelo's participation in Ringer's case was illegal, only that it appeared improper. The
question before this Court is whether Angelo abused her discretion in choosing not to be recused.

 In order to prevail, Ringer must overcome the presumption that agency members
are persons of conscience and intellectual discipline, capable of judging a particular controversy
fairly on the basis of its own circumstances. See United States v. Morgan, 313 U.S. 409,
421(1941). This Court has recognized a presumption of honesty and integrity in those serving
as adjudicators. See Texas Utils. Elec. Co. v. Public Util. Comm'n, 881 S.W.2d 387, 391 (Tex.
App.--Austin 1994, rev'd on other grounds) (citing Withrow v. Larkin, 421 U.S. 35, 47 (1975)).
Courts presume that Board members are unbiased, and the burden of establishing a disqualifying
interest lies upon the party alleging bias. See Lone Star Greyhound Park, Inc. v. Texas Racing
Comm'n, 863 S.W.2d 742, 752 (Tex. App.--Austin 1993, writ denied) (citing Schwieker v.
McClure, 456 U.S. 188, 195 (1982)).

 Ringer makes no explicit claim that Angelo's participation in the disciplinary panel
rendered her predisposed against Ringer when the Board later voted on the ALJ's proposal. The
mere fact that Angelo ultimately voted to suspend Ringer does not establish a predisposition on
Angelo's part--especially since she had voted not to sanction him at the earlier disciplinary
proceeding. Because the Board's rules recommend that members recuse themselves only if they
are predisposed in a matter, and Ringer has made no claim nor pointed us to any evidence of
Angelo's predisposition, Ringer has failed to demonstrate that Angelo abused her discretion by
not recusing herself from the Board proceedings.

 Ringer also asserts that Angelo's mere participation at both proceedings created an
appearance of impropriety that prejudiced his substantial rights. We disagree. Ringer cites
American Cyanamid Co. v. Federal Trade Commission, 363 F.2d 757 (6th Cir. 1966), for the
proposition that a party appearing before an agency has a substantial right to a decision free from
an appearance of impropriety. In American Cyanamid, the court invalidated a commission order
because one of the commissioners had previously served as counsel for a Senate subcommittee
investigating many of the same facts and issues that later came before the commission. The court
found that the commissioner's dual investigative and adjudicative experiences with the issues
involved in the hearing created a risk that the commission's decisions might be based on evidence
outside the record. See id. at 767. Ringer argues that Angelo assumed an investigative role when
she asked questions during the disciplinary proceeding and that her exposure to evidence presented
to the disciplinary panel but not to the ALJ creates a similar risk here. We disagree.

 Angelo's participation at the dispute panel does not rise to the same level of
participation as the chairman's conduct in American Cyanamid, where the chairman had been
integral to the investigation. Here, attorneys for the Board and Ringer conducted direct and cross
examination during the disciplinary proceeding. Angelo, a member of the panel, asked only a few
questions of witnesses to clarify the testimony. Her role at both proceedings was adjudicative. 
She did not assume the conflicting roles present in American Cyanamid.

 As to the issue of outside evidence, Ringer does not suggest that Angelo revealed
any evidence from the disciplinary proceeding during the Board's meetings at which the ALJ's
proposal was discussed. Nor does Ringer contend that Angelo was in fact biased or predisposed
against his case. Without so much as a claim that Angelo was herself biased or that she exposed
other Board members to evidence outside the agency's record, we fail to see how Angelo's
participation at the two proceedings created such an appearance of impropriety as to taint the
Board's decision. Our conclusion is strengthened by Angelo's three votes on Ringer's case. At
the disciplinary panel, Angelo voted in Ringer's favor. The record reflects that the Board's votes
at both the December 1996 and February 1998 proceedings were nine to zero in favor of
sanctioning Ringer. Angelo could have abstained and the outcome would not have changed. (4) 
Given the facts of this case--no allegations of bias, no claim that outside evidence could have
affected the vote of more than one member at most, and the fact that the vote of the one member
who had been exposed to disciplinary panel evidence was not decisive--we cannot say that the
Board's decision appears to have been improperly made or that Ringer's substantial rights have
been prejudiced. We overrule Ringer's second issue.


Refusal to reopen evidence

 In his third issue, Ringer complains that the district court improperly denied his
request to present additional evidence before the Board pursuant to APA section 2001.175(c). 
Such a remand is justified when the additional evidence to be adduced is material and good cause
exists for the requesting party's failure to present the evidence in the agency proceeding. See Tex.
Gov't Code Ann. § 2001.175(c); Buttes Resources Co. v. Railroad Comm'n, 732 S.W.2d 675,
680 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.). We review the district court's
decision to grant or deny a remand request for an abuse of discretion. See Buttes Resources, 732
S.W.2d at 680. Ringer argues that the district court should have remanded the cause because the
evidence is material as to the issue of A. K.'s credibility and there was good cause for not
adducing it earlier.

 In overruling Ringer's motion, the district court did not indicate whether it failed
to find that the evidence was material or failed to find good cause for its not having been
presented earlier. When there are multiple grounds that could support the district court's
decision, we will affirm unless all grounds are disproved. See, e.g., Rogers v. Ricane Enters.,
Inc., 772 S.W.2d 76, 79 (Tex.1989). Thus, unless we determine that the district court abused
its discretion both in failing to find that the evidence was material and in failing to find good cause
for not producing the evidence at the original proceeding, we will affirm.

 The evidence Ringer sought to submit is in the record as exhibits to Ringer's
petition and to his motion to the Board to remand. The evidence consists of psychological tests
and a social history survey administered to A.K. on February 20, 1999, as well as interpretive
reports of the test results. The reports state that they should be used by trained, qualified test
interpreters. Neither report states or implies that A.K. is compulsively dishonest or motivated by
any animus toward Ringer. (5) Ringer points to sections of the reports that suggest that A.K. might
have paranoia or other traits that could indirectly affect A.K.'s credibility. But the reports also
indicate that A.K. might have exaggerated her symptoms in order to obtain help, that A.K.'s
symptoms were probably exacerbated by her recent divorce, and that additional testing would be
needed to make an informed diagnosis. The reports could be subject to various interpretations,
but Ringer's request for a remand is limited to the admission of the tests and the reports. The
motion specifically states, "A new hearing would permit the above tests to be introduced into
evidence." (6) (Emphasis added.) We hold that the district court could properly exercise its
discretion in excluding this evidence under section 2001.175(c).

 Even if the evidence were material, we could affirm the district court's judgment
if we determined that it properly exercised its discretion in failing to find good cause for Ringer's
not presenting the test reports in the initial proceedings before the Board. See Tex. Gov't Code
Ann. § 2001.175(c). On May 24, 1996, Ringer subpoenaed A.K.'s physician in conjunction with
A.K.'s civil suit against Ringer. Ringer's attorney took the physician's deposition on June 11,
1996--more than one month before the ALJ issued his proposal for decision on July 18, 1996. 
Yet, Ringer did not request that the ALJ reopen the hearing until August 29, 1996, even though
Ringer knew of these tests by June 11 at the latest. The district court may have found that Ringer
could have discovered the information sooner, that he failed to make a timely motion to the ALJ
before he issued his proposal for decision, and that Ringer had failed to demonstrate good reasons
for this delay. Because the district court could have found that the evidence in this case was not
material or that Ringer had not shown good reason for his failure to produce it sooner, we cannot
say the district court abused its discretion in refusing to order that the evidence be admitted.

 In this same issue, Ringer argues that the Board abused its discretion in refusing
to remand the cause to the ALJ for consideration of the test results. The decision whether to
reopen an administrative record is within the discretion of the agency. See City of San Antonio
v. Texas Dep't of Health, 738 S.W.2d 52, 54 (Tex. App.--Austin 1987, writ denied). The same
reasoning that upholds the district court's decision persuades us that Ringer has not shown that
the Board abused its discretion. The Board could have refused to admit the evidence because it
was not persuaded that the evidence was material or that Ringer had not adequately explained why
it was not presented in a timely manner. Because Ringer has failed to demonstrate that either the
district court or the Board abused its discretion, we overrule appellant's third issue.


Substantial evidence

 In his fourth issue, Ringer contends that the decision of the Board was not
supported by substantial evidence. In essence, Ringer argues that because he presented more
witnesses, the ALJ should have believed his version of the incident rather than A.K.'s
uncorroborated account.

 In conducting a substantial evidence review, we must first determine whether the
evidence as a whole is such that reasonable minds could have reached the conclusion the agency
must have reached in order to take the disputed action. See Texas State Bd. of Dental Exam'rs
v. Sizemore, 759 S.W.2d 114, 116 (Tex. 1988); Dotson v. Texas State Bd. of Med. Exam'rs, 612
S.W.2d 921, 922 (Tex. 1981). The test is not whether the agency made the correct conclusion,
but whether some reasonable basis exists in the record for the agency's action. See Texas Health
Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d 446, 452 (Tex. 1984). We may
not substitute our judgment for that of the agency as to the weight of the evidence. See Public
Util. Comm'n v. Gulf States Util. Co., 809 S.W.2d 201, 211 (Tex. 1991). Decisions of an
administrative agency are presumed to be supported by substantial evidence, and the appealing
party bears the burden of showing a lack of substantial evidence. See Charter Medical-Dallas,
Inc., 665 S.W.2d at 453. The appealing party cannot meet this burden merely by showing that
the evidence preponderates against the agency decision. See id. at 452. If substantial evidence
would support either affirmative or negative findings, the reviewing court must uphold the order,
resolving any conflicts in favor of the agency's decision. See id. at 453.

 Ringer points to places in the record where A.K.'s testimony is directly
contradicted by one or more of Ringer's witnesses. Ringer also contends that the ALJ's reasons
for inferring that Ringer's witnesses might be biased in his favor are without merit. Ringer's
entire argument reduces to a contention that the evidence preponderates against the ALJ's decision
and a request that this Court substitute its judgment for that of the ALJ as to the credibility of the
witnesses and the weight of the evidence. This Court is prohibited from doing either. See id.;
Gulf States, 809 S.W.2d at 211.

 All that this Court may do is determine whether there is some reasonable basis in
the record for the Board's decision. See Charter Medical-Dallas, Inc., 665 S.W.2d at 452. The
record contains A.K.'s testimony that, during a medical visit, Ringer engaged in sexual conduct
with her. The ALJ gave specific reasons for believing A.K. and disbelieving Ringer's witnesses. 
We hold that the evidence as a whole is such that reasonable minds could have reached the
conclusion that Ringer acted in an unprofessional and inappropriate manner in violation of section
3.08(4) of the Medical Practice Act and that this constituted a reasonable basis for the Board to
place Ringer on probation. We overrule Ringer's final issue.


CONCLUSION


 We hold that (1) the Board did not violate section 2001.058(e) by not adopting
certain of the ALJ's findings and conclusions in compliance with the district court's ruling; (2)
the participation of Penny Angelo at a disciplinary panel proceeding did not deny Ringer a
substantial right to a Board decision free from the appearance of impropriety; (3) Ringer has not
shown that the district court or the Board abused its discretion in refusing to reopen the
proceedings to admit additional evidence; and (4) that the findings of fact in the Board's order are
supported by substantial evidence. Having overruled all of appellant's issues, we affirm the
judgment of the district court.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: November 4, 1999

Do Not Publish
1. In his suit for judicial review, appellant named both the Board and its executive director,
Bruce A. Levy, M.D. For convenience and clarity, we will refer to both parties collectively as
"the Board."
2. The application recited five counts. Although all five were alleged in the application and
subsequent complaint, only Counts I, II, and V were pursued to hearing. Count I involved
misconduct with A.K. Count II concerned similar conduct with K.L. Count V related to penile
enlargement procedures Ringer had performed. 
3. In a letter to the Board, the ALJ explained that even if he had retained jurisdiction, he would
have overruled the motion. The ALJ drew upon the standard applied to reopening evidence in
a civil case. The ALJ stated that Ringer failed to exercise due diligence; the proffered evidence
was not decisive; its admission would have caused an undue delay; and denying the motion to
reopen would not work an injustice. See Word of Faith Outreach Ctr. Church, Inc. v. Oechsner,
669 S.W.2d 364, 367 (Tex. App.--Dallas 1984, no writ) (reciting the factors to be considered on
a motion to reopen evidence).
4. At oral argument, Ringer contended that Angelo was needed to establish a quorum at the
February 1998 meeting. We question this contention. The Board is composed of eighteen
members. See Tex. Rev. Civ. Stat. Ann. art. 4495b, § 2.02. A simple majority--ten members--
constitutes a quorum. See id. § 2.08. There were thirteen members present at the February 1998
Board meeting. Two members recused themselves. Even if recused members do not count
towards a quorum, Angelo still could have recused herself, leaving ten members of the Board
eligible to vote at the meeting--enough to satisfy the quorum requirement.
5. There is only one statement dealing directly with A. K.'s honesty. It reads: "Failures and
social irresponsibility are typically justified with nonchalant indifference, arrogance, even
unvarnished prevarications." In order for this statement to be relevant to this case, Ringer would
have to argue that A.K. had attempted to seduce him and that this attempt was a failure or social
irresponsibility that A.K. attempted to conceal by lying about the incident. But Ringer does not
make this argument.
6. In his motion to the ALJ and his first motion to the Board, Ringer requested the admission
of expert testimony interpreting the test results. However, this request was not in the motion
before the district court. 



EM>., 665 S.W.2d at 452. The
record contains A.K.'s testimony that, during a medical visit, Ringer engaged in sexual conduct
with her. The ALJ gave specific reasons for believing A.K. and disbelieving Ringer's witnesses. 
We hold that the evidence as a whole is such that reasonable minds could have reached the
conclusion that Ringer acted in an unprofessional and inappropriate manner in violation of section
3.08(4) of the Medical Practice Act and that this constituted a reasonable basis for the Board to
place Ringer on probation. We overrule Ringer's final issue.


CONCLUSION


 We hold that (1) the Board did not violate section 2001.058(e) by not adopting
certain of the ALJ's findings and conclusions in compliance with the district court's ruling; (2)
the participation of Penny Angelo at a disciplinary panel proceeding did not deny Ringer a
substantial right to a Board decision free from the appearance of impropriety; (3) Ringer has not
shown that the district court or the Board abused its discretion in refusing to reopen the
proceedings to admit additional evidence; and (4) that the findings of fact in the Board's order are
supported by substantial evidence. Having overruled all of appellant's issues, we affirm the
judgment of the district court.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: November 4, 1999

Do Not Publish
1. In his suit for judicial review, appellant named both the Board and its executive director,
Bruce A. Levy, M.D. For convenience and clarity, we will refer to both parties collectively as
"the Board."
2. The application recited five counts. Although all five were alleged in the application and
subsequent complaint, only Counts I, II, and V were pursued to hearing. Count I involved
misconduct with A.K. Count II concerned similar conduct with K.L. Count V related to penile
enlargement procedures Ringer had performed. 
3. In a letter to the Board, the ALJ explained that even if he had retained jurisdiction, he would
have overruled the motion. The ALJ drew upon the standard applied to reopening evidence in
a civil case. The ALJ stated that Ringer failed to exercise due diligence; the proffered evidence
was not decisive; its admission would have caused an undue delay; and denying the motion to
reopen would not work an injustice. See Word of Faith Outreach Ctr. Church, Inc. v. Oechsner,
669 S.W.2d 364, 367 (Tex. App.--Dallas 1984, no writ) (reciting the factors to be considered on
a motion to reopen evidence).
4. At oral argument, Ringer contended that Angelo was needed to establish a quorum at the
February 1998 meeting. We question this contention. The Board is composed of eighteen
members. See Tex. Rev. Civ. Stat. Ann. art. 4495b, § 2.02. A simple majority--ten members--
constitutes a quorum. See id. § 2.08. There were thirteen members present at the February 1998
Board meeting. Two members recused themselves. Even if recused members do not count
towards a quorum, Angelo still could have recused herself, leaving ten members of the Board
eligible to vote at the meeting--enough to satisfy the quorum requirement.
5. There is only one statement dealing directly with A. K.'s honesty.