# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00700-CV

**Alice M. Jones, Appellant**

**v.**

**Teacher Retirement System of Texas, Appellee**

### FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-001176, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Alice M. Jones appeals the district court's order affirming an order of the Board of Trustees of the Teacher Retirement System of Texas (TRS) that denied her request to be recognized as the beneficiary of her former husband's death benefits. We will affirm.

## BACKGROUND

Dwight Phillips was employed by Texas Tech University and was an active member of TRS when he died in March 2015. In 1977, Phillips had designated Jones, to whom he was married at the time, as the primary beneficiary for death benefits payable by TRS in the event of his death. Phillips and Jones divorced in December 2008. The divorce decree recited

> [T]he parties have entered into a written agreement as contained in this decree by virtue of having approved this decree as to both form and substance. To the extent permitted by law, the parties stipulate this agreement is enforceable as a contract. The court approves the agreement of the parties as contained in this Final Decree of Divorce.

In the section of the divorce decree addressing the division of the marital estate, the divorce decree provides that Phillips is awarded

> The sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, Keogh plan, pension plan, employee stock option plan, 401(k) plan, employee savings plan, accrued unpaid bonuses, disability plan, or other benefits existing by reason of the husband's past, present, or future employment with Texas Tech University (Teacher Retirement System of Texas[]).

The decree states that Jones "is divested of all right, title, interest, and claim in and to that property." At no time after the divorce decree was entered did Phillips send a new beneficiary designation form to TRS. In October 2012, Phillips submitted to TRS a form titled "Request for Estimate of Retirement Benefits." In answer to the question "Whom do you plan to name as beneficiary at retirement?" Phillips wrote "undecided."

After Phillips died, TRS sent letters to Jones and to the executor of Phillips's estate (his brother). The letter to Jones, dated April 2, 2015, stated, in pertinent part:

> TRS records show that you were designated as the primary beneficiary of this account.
>
> Legislation passed during the 75th Legislative Session added Section 824.101(g) of the Texas Government Code. This section provides that the receipt by TRS of a certified copy of a divorce decree between a TRS member or annuitant and a designated beneficiary revokes any designation of the former spouse as a beneficiary of the death benefits now payable. The law applies if the designation was effective before the date of divorce. If Section 824.101(g) would prohibit payment of the death benefits to you, please forward a certified copy of the divorce decree to TRS within 30 days of the date of this letter.

TRS's letter to the executor of Phillips's estate contained the identical second paragraph, except for substituting the words "payment to the beneficiary" for the words "payment of the death

2

benefits to you." The letter to the executor also included the following sentence: "In the absence of a certified copy of a decree of divorce, payment will be made to the designated beneficiary as required by law." The letter also advised the executor that "a certified copy of the decree may be obtained from the district clerk of the court which entered the order."

After receiving this letter, Jones sent a certified copy of the December 2008 divorce decree to TRS. The executor also faxed a copy of the divorce decree to TRS. After it received the divorce decree, TRS sent Jones a letter informing her that because Phillips designated her as his beneficiary for death benefits before the divorce decree was signed and had not thereafter sent a new designation of beneficiary form to TRS designating his former spouse his beneficiary for death benefits, Texas Government Code section 824.101(g) operated to revoke the 1977 designation of her as the beneficiary of Phillips's death benefits. *See* Tex. Gov't Code § 824.101(g) ("Receipt by the retirement system of a certified copy of a divorce decree between a member or annuitant and a designated beneficiary revokes any designation of the former spouse as beneficiary of any death benefits [] that was effective before the date of divorce, if the decree is received by the retirement system before the payment of any part of the death benefit to any beneficiary."). TRS sent a letter to the executor of Phillips's estate advising that the designation of Jones as Phillips's beneficiary was revoked and that, because Phillips had not named an alternate beneficiary, death benefits would be issued in accordance with section 824.103 of the Texas Government Code. *See id.* § 824.103 (identifying classes of persons eligible to receive death benefits when beneficiary designation is revoked under section 824.101(g)).

Jones appealed TRS's determination that her status as Phillips's beneficiary had been revoked to TRS's Manager of Benefits Processing, Chief Benefit Officer, and Deputy Director respectively. When these appeals were denied, Jones filed a petition for an adjudicative

3

hearing with TRS. Jones had a contested case hearing before an Administrative Law Judge (ALJ) at the State Office of Administrative Hearings (SOAH), who submitted a Proposal for Decision (PFD) concluding that Jones was not entitled to Phillips's death benefits. TRS's Executive Director adopted the ALJ's findings of fact and conclusions of law in their entirety and denied Jones's appeal. Jones then appealed the Executive Director's order to the TRS Board of Trustees. At a December 2017 meeting, the Board of Trustees reviewed the order, the PFD, Jones's appeal, and the record of the proceedings. The Board affirmed the Executive Director's order, adopted the findings of fact and conclusions of law contained in the PFD, and denied Jones's appeal.

After her motion for rehearing was denied, Jones filed the underlying suit for judicial review of the Board's order in Travis County district court. *See id.* § 2001.171 (person who has exhausted all administrative remedies available within state agency and who is aggrieved by final decision in contested case is entitled to judicial review under Texas Government Code chapter 2001). Jones asserted that the Board's determination constituted an incorrect application of the law to the facts, resulting in the erroneous conclusion that she was not entitled to Phillips's death benefits. After a hearing, the trial court affirmed the Board's order and Jones then perfected this appeal.

**DISCUSSION**

Section 2001.174 of the Texas Government Code provides the standard for review of the Board's order. *See id.* § 2001.174 (review under substantial evidence rule). Pursuant to section 2001.174(1)-(2), the reviewing court may "affirm the agency decision in whole or in part" and must reverse or remand the case for further proceedings if substantial rights of the

appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions (1) violate a constitutional or statutory provision; (2) exceed statutory authority; (3) were made through unlawful procedure; (4) were affected by other error of law; (5) are not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or (6) are arbitrary or capricious or unwarranted by an abuse of discretion or a clearly unwarranted exercise of discretion. *Id.* § 2001.174(2)(A)-(F). To warrant reversal or remand, therefore, the reviewing court must conclude that substantial rights of the appealing party have been affected because of one or more of the reasons listed in section 2001.174(2)(A)-(F). *See id.* A court conducting a substantial evidence review of a contested case must presume that the agency decision is valid, and that substantial evidence supports it. *See, e.g.*, *Texas Dep't of Pub. Safety v. Varme*, 262 S.W.3d 34, 38-39 (Tex. App.—Houston [1st Dist.] 2008, no pet.).

Jones's challenge to the Board's order essentially complains that the Board's decision was an error of law—i.e., that the Board erred in its conclusion that Jones's status as Phillips's beneficiary was revoked when it received a certified copy of the divorce decree. *See H.G. Sledge, Inc. v. Prospective Inv. & Trading Co.*, 36 S.W.3d 597, 602 (Tex. App.—Austin 2000, pet. denied) (appellate court reviews agency's legal conclusions for errors of law). However, the Board's decision is consistent with the relevant provisions of the Texas Government Code, specifically section 824.101(g), which provides that the receipt of a certified divorce decree between a TRS member and a designated beneficiary revokes the designation of a former spouse as beneficiary of any death benefits if the designation was effective before the date of divorce and the decree is received by TRS before the payment of any part of the death benefit to any beneficiary. *See* Tex. Gov't Code § 824.101(g). There is no dispute that (1) Jones was designated as Phillips's beneficiary; (2) Jones was Phillips's spouse at the time of the designation; (3) Jones

5

and Phillips divorced after Jones had been designated Phillips's beneficiary; (4) TRS received a certified copy of the divorce decree; and (5) TRS received the certified copy of the divorce decree before any part of Phillips's death benefits had been paid to any beneficiary. Thus, by operation of section 824.101(g), the designation of Jones as Phillips's beneficiary was revoked. The Board did not err in its determination that Jones was not entitled to receive Phillips's death benefits. In fact, any other decision by the Board would have been contrary to the statute's mandate and would have been an error of law.

Despite there being no dispute that the events required to trigger revocation of Jones's designation as Phillips's beneficiary occurred, Jones asserts that the Board's determination should be reversed because of the circumstances leading up to the occurrence of those events. Primarily, Jones asserts that the Board breached the fiduciary duties of loyalty and impartiality she alleges the Board owed her when it sent her the letter on April 2, 2015, after Phillips's death. According to Jones, the letter failed to include language stating that if the agency did not receive a certified copy of Jones and Phillips's divorce decree it would pay her Phillips's death benefits. Jones further asserts that the letter failed to inform Jones of the date on which she had been designated as Phillips's beneficiary.[1] Jones also complains that the letter failed to tell her that she had no duty to send a certified copy of the divorce decree or to advise her to consult with legal counsel since "compliance with their request could significantly affect her rights and interests." Jones asserts that as a result of this allegedly tortious conduct, she sent TRS a copy of the certified divorce decree when she otherwise would not have. Jones maintains

---

[1] Jones argues that this was a material fact she needed to be informed of because if the designation had been made after her and Phillips's divorce, TRS's receipt of the certified copy of the divorce decree, Texas Government Code section 824.101(g) would not have operated to revoke the designation.

6

that "[b]ut for the improper actions of TRS, [she] would have received Phillips's death benefits." In effect, Jones claims that had she known that sending a copy of the divorce decree to TRS would have resulted in revoking Phillips's designation of her as a beneficiary, she would not have done so. Jones also assumes that if TRS had not received a certified copy of the divorce decree *from her*, it would have paid Phillips's death benefits to her.

Judicial review of an administrative decision is conducted under the Administrative Procedure Act. *See id.* §§ 2001.001-.902 ("APA"). Section 2001.171 of the APA provides a statutory right of judicial review from administrative orders in contested case proceedings, thereby waiving sovereign immunity as to claims within its scope. *Id.* § 2001.171; *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 173 (Tex. 2004). Courts should strictly construe statutes waiving sovereign and governmental immunity. *City of Houston v. Jackson*, 192 S.W.3d 764, 770 (Tex. 2006). When considering provisions governing statutorily granted judicial review of administrative decisions, we must adhere strictly to the rules as set by the legislature . . . ." *Marble Falls Indep. Sch. Dist. v. Scott*, 275 S.W.3d 558, 566 n.4 (Tex. App.—Austin 2008, pet. denied). A reviewing court may reverse an agency order only if substantial rights have been prejudiced by agency error. *Frost v. Public Util. Comm'n of Tex.*, 672 S.W.2d 883, 885 (Tex. App.—Austin 1984, writ ref'd n.r.e.).

Even assuming that Jones had a "substantial right" to receive Phillips's death benefits, she has not demonstrated that any such right has been prejudiced.[2] Although Phillips

---

[2] Though we need not address it, we are skeptical of Jones's claim to have any "right" to receive Phillips's death benefits. As previously noted, by agreement in connection with her divorce from Phillips, Jones was divested of "all right, title, interest, and claim" to such benefits. Jones acknowledged that this agreement was "enforceable as a contract." Although TRS might have paid Phillips's death benefits to Jones based on the 1977 beneficiary designation had it not received a certified copy of the divorce decree from anyone, we do not agree that such a

7

states that she would have received Phillips's death benefits had she not sent TRS a certified copy of her divorce decree, the administrative record does not support that assertion. There is evidence in the record that the executor of Phillips's estate had, upon receipt of a letter substantially similar to the one TRS sent to Jones, faxed a copy of the divorce decree to TRS. TRS's records also include a notation that Phillips's niece had informed TRS on April 21, 2015, that she would be sending the agency a copy of the divorce decree. Michael Rehling, TRS's Benefits Processing Manager, testified at the contested case hearing that after Phillips's death, TRS was "fact-finding," and that TRS was still trying to determine who was the correct payee for Phillips's death benefits and that TRS conducts "due diligence" to determine who the actual beneficiary is after a member's death. There was no testimony tending to show that, having received the faxed copy of the divorce decree from the executor of Phillips's estate, TRS would have paid Phillips's death benefits to Jones rather than waiting to receive, or requesting, a certified copy of the divorce decree from the executor. Put differently, Jones has not demonstrated that, in the absence of her compliance with TRS's request to provide a certified copy of the divorce decree, TRS would have paid the death benefits to her. Rather, the evidence presented at the contested case hearing indicates that TRS would have completed its due diligence and complied with its statutory obligations to identify the correct recipient of Phillips's death benefits in accordance with the governing statute. Jones has not demonstrated that her substantial rights have been prejudiced because of the Board's findings, conclusions, inferences, or decisions.

Moreover, the Board concluded that the evidence did not establish that TRS breached any fiduciary duty owed to Jones. The PFD explains that TRS has no fiduciary duties

---

possibility constitutes a "right" to receive those benefits. A "substantial right" cannot be a right to be erroneously paid a former spouse's death benefits.

8

to designated beneficiaries and that even if it did, TRS's actions could not be found to constitute a breach of any duty. Substantial evidence supports these conclusions.[3] The letter TRS sent to Jones expressly informed her that "the receipt by TRS of a certified copy of a divorce decree between a TRS member or annuitant and a designated beneficiary revokes any designation of the former spouse as a beneficiary of the death benefits now payable." Jones has not explained how the inclusion of language stating that "in the absence of a certified copy of a decree of divorce, payment will be made to the designated beneficiary as required by law" would be required to comply with any of TRS's fiduciary duties. TRS had no duty to advise Jones that she could attempt to avoid the operation of section 824.101(g) by not sending it a copy of the divorce decree. The letter to Jones accurately set forth the applicable statute and the consequences of TRS's receipt of a certified copy of a divorce decree. The letter also advised Jones to send a certified copy of the divorce decree "[i]f Section 824.101(g) would prohibit payment of the death benefits to [her]." TRS requested that Jones provide a copy of the divorce decree if it would disqualify her from receiving Phillips's death benefits. Substantial evidence supports the conclusion that TRS's actions did not constitute a breach of any fiduciary duties but, rather, were in accordance with its obligations as the administrator of Phillips's death benefits.

---

[3] Because substantial evidence supports the Board's conclusion that TRS's conduct did not constitute a breach of any alleged fiduciary duty to Jones, we need not address whether TRS had a fiduciary duty to Jones because of her status as a "designated beneficiary." We do, however, find persuasive the PFD's analysis supporting the conclusion that no such duty is owed to designated beneficiaries. The Texas Government Code states that a "beneficiary" is "the person who, under a valid written designation or by law, is entitled to receive benefits payable by the retirement system on the death of a member or annuitant." *See* Tex. Gov't Code § 821.009(19). As previously noted, as part of the division of Phillips and Jones's community estate in the divorce decree, Jones contractually agreed to forego any interest in Phillips's death benefits. By law, then, Jones was not entitled to receive those benefits. Moreover, a "designated beneficiary" may not be entitled to death benefits for other reasons, such as when that person has been convicted of causing the death of the member or annuitant. *See id.* § 824.105.

9

The Board also concluded that Jones did not establish that TRS acted outside its statutory authority in seeking to obtain Phillips's divorce decree. We agree. TRS acted reasonably within its authority under section 824.101(g) to determine whether Phillips and Jones had divorced after he had designated her as his beneficiary, which would operate to revoke Jones's status as a designated beneficiary. "The simple statutory steps for designating, changing, and revoking a beneficiary are designed to avoid litigation over such things as a decedent's intentions." *Holmes v. Kent*, 221 S.W.3d 622, 628 (Tex. 2007). Sending a letter to a former spouse setting forth the reason for requesting a copy of a divorce decree and explaining the consequences of its receipt of the decree is not prohibited by statute or beyond the scope of TRS's authority to "invest and protect funds of the retirement system and to deliver the benefits provided by statute." *See* Tex. Gov't Code § 821.008.

## CONCLUSION

For the reasons stated above, we affirm the district court's judgment affirming the Board's determination that Jones is not entitled to receive Phillips's death benefits.

_____

Chari L. Kelly, Justice

Before Chief Justice Rose, Justices Kelly and Smith

Affirmed

Filed: September 18, 2019

10